UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANFORD IRONIO FERNANDES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN/ADMINISTRATOR et al.,<br><br>Respondents. | Case No. 5:26-cv-05899-SB-SSC<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

Petitioner Sanford Ironio Fernandes, a citizen of India, is detained at the Adelanto ICE Processing Center. On June 5, 2026, he filed his first petition for a writ of habeas corpus and an ex parte application for a temporary restraining order (TRO) seeking immediate release or, alternatively, a bond hearing. The Court denied both the petition and the TRO application. *Sanford Ironio Fernandes*, No. 5:26-cv-03102-SB-SSC, Dkt. Nos. 10, 12 (C.D. Cal.). Although Petitioner claimed that he had been detained without ever receiving a bond hearing, the undisputed evidence established that he received several bond hearings. The Court further concluded that Petitioner failed to show that the government was deliberately indifferent to his medical needs. On October 6, 2026, Petitioner filed a second petition for a writ of habeas corpus and a TRO application raising similar claims and seeking substantially the same relief. The petition is again denied.

I.

The Court briefly recounts the relevant facts from its prior order. Petitioner entered the United States in 2019 as a visa holder. Immigration officers detained him in June 2025, and on April 21, 2026, an immigration judge (IJ) ordered him removed in absentia to India. Petitioner's appeal of that order is pending before the Board of Immigration Appeals (BIA). *Fernandes*, No. 5:26-cv-03102-SB, Dkt. No. 10 (C.D. Cal. June 12, 2026).

On June 5, 2026, Petitioner filed his first petition for a writ of habeas corpus and TRO application, arguing that his detention without a bond hearing and the conditions of his confinement violated due process. Contrary to his claim that he never received a bond hearing, the government produced evidence showing that Petitioner had previously received two bond hearings and a custody redetermination hearing. *Id.* at 1–2. Petitioner did not file a reply or otherwise dispute the government's evidence, nor did he establish that the conditions of his confinement warranted release. *See Fernandes*, No. 5:26-cv-03102-SB, Dkt. No. 12 (C.D. Cal. July 6, 2026). The Court therefore denied the petition and TRO application.

Petitioner then filed this petition—his second—for a writ of habeas corpus and a TRO application asserting many of the same arguments the Court previously adjudicated or that could have been raised in the first petition. Petitioner principally argues that his prior bond hearings were constitutionally inadequate and that the government has been deliberately indifferent to his medical needs. Petitioner also argues that he received ineffective assistance in handling his prior case. He seeks an order requiring immediate release from custody or a bond hearing. The government opposes.

II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or laws or treaties of the United States"). For the reasons set forth in the order denying the first petition and the additional reasons discussed below, Petitioner has not shown that relief is warranted.

A.

Petitioner principally argues that the Court should adjudicate his second petition because of changed medical circumstances and because his previous representative withheld court filings, caused him to miss the deadline to file a reply, and deprived him of a meaningful opportunity to present his case in the first habeas proceeding. Neither argument warrants reconsideration of the claims previously adjudicated.

The abuse-of-the-writ doctrine generally "forbids" reconsidering claims that "were or could have been raised in a prior habeas petition." *Eldridge v. Howard*,

70 F.4th 543, 551 (9th Cir. 2023) (cleaned up); *see Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000) (applying doctrine in the immigration habeas context). A second or successive petition that "raises identical grounds for relief as a prior petition must be dismissed" unless the petitioner shows (1) cause for bringing the successive petition and prejudice or (2) that a fundamental miscarriage of justice would result from failing to hear the claim. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). The government bears the initial burden of pleading abuse of the writ. *Id.*

Here, Petitioner's first and second petitions raise many of the same claims. Dkt. No. 9 at 2–3. In both petitions, Petitioner alleges that his prolonged detention and conditions of confinement violate due process. The primary difference between the two petitions—filed only four months apart—is that Petitioner no longer claims that he never received a bond hearing but instead argues that his bond hearings were constitutionally deficient. Absent an applicable exception, the abuse-of-the-writ doctrine bars reconsideration of the repeated claims. *See Chiniakov v. Lyons*, No. 5:26-cv-4106-DMK, 2026 WL 2525611, at *3 (C.D. Cal. Aug. 26, 2026) (denying successive habeas petition as barred under the abuse-of-the-writ doctrine); *Hoyes-Zamora v. Mullin*, No. 5:26-cv-02808-AYP, 2026 WL 3070402, at *3 (C.D. Cal. Oct. 13, 2026) (same).

Attempting to avoid the bar, Petitioner argues that his then-representative withheld court filings, preventing him from rebutting the government's evidence, and further states that he was hospitalized after filing his first petition. Dkt. No. 1 at 1–2 of 115. But Petitioner proceeded pro se in his prior petition, and it is unclear how his representative could have withheld court filings sent directly to Adelanto bearing his name. Even assuming that his representative's conduct establishes cause, Petitioner has not shown prejudice. He now acknowledges having received bond hearings, and his challenges to those hearings and the adequacy of his medical care fail for the independent reasons discussed below. Nor has he shown that declining to reconsider his previously adjudicated claims would result in a fundamental miscarriage of justice. To the extent Petitioner asserts claims based on subsequent developments that he had no fair opportunity to raise in the prior proceeding, the Court need not determine whether the doctrine bars those claims because they independently fail for the reasons.

B.

Even if Petitioner properly brought this second petition, his claims do not entitle him to relief.

Petitioner argues that his bond hearings were constitutionally deficient, *see* Dkt. No. 1 at 5–6 of 115, but he has not exhausted his administrative remedies. A noncitizen detained under § 1226(a) who is dissatisfied with an IJ's bond determination "may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008)); *see also Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (listing factors a court should consider in deciding whether to waive exhaustion).

Petitioner does not dispute that he failed to appeal his adverse bond determinations and instead principally argues that he was not adequately informed of his right to do so. The IJ's decisions, which the government previously submitted, undermine this assertion. Petitioner withdrew his first request for a bond hearing without prejudice because he was not ready to present evidence and wanted an opportunity to obtain counsel. *Fernandes*, No. 5:26-cv-03102, Dkt. No. 9-2 (C.D. Cal. June 9, 2026) (providing the IJ's decision from the December 15, 2025 hearing). At his January 2026 hearing, the IJ denied bond and noted that Petitioner "reserved" his right to appeal the decision. *Id.* Dkt. No. 9-3. The IJ's decision following the February 2026 redetermination hearing also includes a notation that either party may appeal if desired. *Id.* Dkt. No. 9-4. Petitioner does not explain why these notices were inadequate or how his medical condition or the restrictions of detention prevented him from appealing. Nor has he shown that the BIA could not have addressed the alleged procedural deficiencies in his bond hearings. Because Petitioner did not exhaust his administrative remedies or establish a sufficient basis to waive exhaustion, his challenge fails. *See Martinez v. Murray*, No. 5:19-cv-4632, 2019 WL 13204225, at *4 (N.D. Cal. Nov. 12, 2019) (finding no basis to waive exhaustion requirement when the petitioner "presented no evidence" and gave "no reason to believe . . . that he was not aware of the appeal deadline . . . .").

To the extent Petitioner separately challenges the duration of his detention, he remains detained under 8 U.S.C. § 1226(a) pending resolution of his appeal to the BIA. Although his detention has been lengthy, the duration alone does not establish a due process violation, particularly given the individualized custody determinations he has received and the administrative procedures available to challenge those determinations or seek redetermination based on materially changed circumstances. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–13 (9th Cir. 2022); 8 C.F.R. § 1003.19(e).

Nor is Petitioner's inadequate-medical-care claim cognizable under § 2241 because it challenges the conditions, rather than the fact or duration, of his confinement. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065, 1073 (9th Cir. 2023) (explaining that a claim alleging deliberate failure to provide adequate medical care challenges conditions of confinement rather than the fact or duration of custody). That Petitioner seeks release as one form of relief does not transform his conditions-of-confinement claim into a habeas claim; the relevant question is whether success on the claim would legally require his release. *Id.* at 1072–73 ("[A] successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas."). Indeed, Petitioner's alternative request to arrange interventional procedures confirms that the alleged violation could be remedied without release. *See id.* at 1073–75 (holding that where the body of the petition demonstrates that relief short of release could remedy the alleged constitutional violation, the claim lies outside the core of habeas). Accordingly, the Court dismisses Petitioner's medical-care claim without prejudice to his pursuing it in a separate civil action.

C.

Petitioner's final claim rests on the alleged misconduct of his prior representative, whom he does not identify as an attorney. Even assuming that her conduct deprived Petitioner of a meaningful opportunity to litigate his first petition, that deprivation does not itself establish that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3). Although abandonment by habeas counsel may constitute cause to excuse a procedural default, *see Maples v. Thomas*, 565 U.S. 266, 288–90 (2012), it does not independently entitle Petitioner to release or a bond hearing.

III.

The Court denies the habeas petition and TRO application. A separate judgment will issue.

Date: November 25, 2026

Stanley Blumenfeld, Jr.
United States District Judge